O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 12-7270 PSG | Date | March 26, 2013 |
|---|---|---|---|
| Title | Tiana Renee Baudoin v. United States | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):     Attorneys Present for Defendant(s):

Not Present     Not Present

**Proceedings:**   (In Chambers) Order regarding Defendant-Petitioner's Motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255

Pending before the Court is Defendant-Petitioner Tiana Renee Baudoin's ("Defendant") Motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. *See* Dkt. # 1. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. Having considered the supporting and opposing papers, the Court GRANTS an evidentiary hearing as to claim 1 and DENIES the motion as to claims 2, 3, and 4.

I.   Background

On May 7, 2012, Defendant was sentenced to 84 months after pleading guilty to one count of distributing more than 28 grams of crack cocaine, in violation of § 841(a),(b)(1)(B)(iii). *See United States v. Charles Ray Moore, Jr., et al.*, CR No. 11-410-PSG, Dkt. # 92. On August 23, 2012, Defendant filed this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence due to ineffective assistance of counsel (the "Motion"). *See* Dkt. # 1.[1]

The Motion was based on claims that Defendant's counsel John Neil McNicholas ("McNicholas") failed to: (1) file a notice of appeal despite Defendant's request that he do so; (2) inform Defendant that she would be sentenced as a career offender; (3) challenge her sentence as not affording Defendant the protection of the Fair Sentencing Act of 2010; and (4)

---

[1] Unless stated otherwise, all docket entries refer to the Docket in CV 12-7270 PSG.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 12-7270 PSG | Date | March 26, 2013 |
|---|---|---|---|
| Title | Tiana Renee Baudoin v. United States | | |

challenge Defendant's sentence under the Supreme Court's ruling in *DePierre v. United States*, 131 S.Ct. 2225 (2011). *Mot.* 5-12.

II. Legal Standard

Under 28 U.S.C. § 2255, a federal prisoner may file a motion to vacate, set aside or correct a sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To obtain relief through a § 2255 motion, "a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). "If a petitioner does not allege lack of jurisdiction or constitutional error, an error of law will not provide a basis for habeas relief unless that error 'resulted in a complete miscarriage of justice or in a proceeding inconsistent with the rudimentary demands of fair procedure.'" *Hamilton v. United States*, 67 F.3d 761, 763-64 (9th Cir. 1995) (quoting *United States v. Timmreck*, 441 U.S. 730, 783-84 (1979)). Finally, a hearing need not be granted to a prisoner on a § 2255 motion if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003).

To succeed on an ineffective assistance of counsel claim, a convicted defendant must establish two components. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, counsel's representation of the defendant must have fallen "outside the *wide* range of professionally competent assistance." *Id.* at 690 (emphasis added). Indeed, because of the inherent difficulties of making this evaluation, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. Second, "the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687. If the defendant fails to establish either component, the court "must dismiss the claim." *United States v. Sanchez-Cervantes*, 282 F.3d 664, 672 (9th Cir. 2002).

III. Discussion

Defendant's Motion was based on claims that McNicholas failed to: (1) file a notice of appeal despite Defendant's request that he do so; (2) inform Defendant that she would be sentenced as a career offender; (3) challenge her sentence as not affording Defendant the protection of the Fair Sentencing Act of 2010; and (4) challenge Defendant's sentence under the Supreme Court's ruling in *DePierre*. *Mot.* 5-11.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7270 PSG | Date | March 26, 2013 |
|---|---|---|---|
| Title | Tiana Renee Baudoin v. United States | | |

For the reasons that follow, the Court finds that an evidentiary hearing is required as to claim 1, and that Defendant's claims 2, 3, and 4 lack merit.

A.  Defendant's Request to File an Appeal

Defendant's first claim is that McNicholas did not file a notice of appeal despite Defendant's request. *Mot.* 5-6. An attorney has a constitutional duty to consult with a defendant about an appeal either if a rational defendant would want to appeal, or if the particular defendant has reasonably demonstrated his interest in appealing. *Roe v. Flores–Ortega,* 528 U.S. 470, 480 (2000). Where a defendant does not consent to counsel's failure to file a notice of appeal, the defendant may file a Motion alleging ineffective assistance of counsel. *Id.* at 476. The Ninth Circuit has held that it is *per se* ineffective assistance of counsel for an attorney to refuse to file a notice of appeal when her client tells her to file an appeal, even if the client waived his right to appeal and the appeal would be harmful to the client. *See U.S. v. Sandoval–Lopez,* 409 F.3d 1193, 1197 (9th Cir. 2005). In *Sandoval-Lopez*, the prisoner had signed a plea agreement waiving his right to appeal, and had been informed numerous times about the implication of his waiver. *See id.* at 1194-95. The Ninth Circuit noted that the prisoner had not identified any non-frivolous ground for a direct appeal, had never explained what he might have appealed, and waited over a year to file his petition claiming that he wanted to appeal. *See id.* at 1197. While the Ninth Circuit stated that "[a]n appeal would most probably have been dismissed because it had been waived" it nonetheless explained that "it is ineffective assistance of counsel to refuse to file a notice of appeal when your client tells you to, even if doing so would be contrary to the plea agreement and harmful to your client." *Id.*

Similarly, here, (1) Defendant signed a plea agreement waiving her right to appeal, CR No. 11-410 PSG, Dkt. # 57 at 10:10-11:7; (2) Defendant was informed of the implication of her waiver during the sentencing proceeding, CR No. 11-410 PSG, Dkt. # 125 at 17:3-18; and (3) Defendant does not identify any grounds for a direct appeal or explain what she would have appealed. Dkt. # 1. Nonetheless, pursuant to the Ninth Circuit's ruling in *Sandoval-Lopez*, if McNicholas ignored Defendant's request to file an appeal, it would be *per se* ineffective assistance of counsel.

Where there is a factual dispute as to whether a defendant told her counsel to appeal, the Ninth Circuit directs the district court to (1) hold an evidentiary hearing to determine whether the allegation is true (and if so, vacate and reenter judgment, allowing the appeal to go forward) or (2) if the government does not object, vacate and reenter the judgment without a hearing and

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7270 PSG | Date | March 26, 2013 |
|---|---|---|---|
| Title | Tiana Renee Baudoin v. United States | | |

allow the appeal to proceed, without determining the truth of the defendant's claim. *Id.* at 1197-98.

Here, there is a factual dispute between Defendant and McNicholas as to whether she requested that McNicholas file an appeal. Defendant claims in her moving papers that she requested McNicholas to file an appeal, and McNicholas contends in sworn interrogatories that Defendant did not request him to file an appeal. *Compare Mot.* 5-7, *with Opp.*, Ex. B at 2. The government counsel has objected to allowing the appeal to proceed. *Opp.* 5:23-25. Thus, absent waiver from the government, the Court must hold an evidentiary hearing to determine whether Defendant really did tell her lawyer to appeal and her lawyer refused even though she demanded it. *See Sandoval-Lopez*, 409 F.3d at 1198 ("Proceeding pro se … Sandoval-Lopez's allegation is specific enough. He claims he asked his lawyer to file an appeal and his lawyer refused."). *See Perez-Gonzalez v. U.S.*, Nos. CV 08–286–S–BLW, CR 06–236–S–BLW, 2009 WL 1240133, *2 (D. Idaho May 4, 2009) (requiring an evidentiary hearing even though counsel's affidavit demonstrated that the defendant had never directed counsel to file an appeal); *see also Sperling v. United States*, No. 08-CV-5198 AHM, 2009 WL 4349810, at *3 (C.D. Cal. Nov. 25, 2009) ("*Sandoval-Lopez* essentially reduces the *Strickland* analysis to a single two-part question: did the petitioner instruct his attorney to file a notice of appeal and did the attorney fail to do so? A "yes" answer to both parts of this question would, in principle, determine that Petitioner is entitled to relief. That question *must* be resolved through an evidentiary hearing.") (emphasis added). Accordingly, an evidentiary hearing is required as to claim 1.

  B. <u>Defendant's Career Offender Status</u>

Defendant's second claim is based on McNicholas' alleged failure to inform Defendant that she would receive career offender status. *Mot.* 6-8. This claim fails both prongs of the *Strickland* test. First, the record shows that Defendant was aware of the fact that she would receive career offender status. Second, Defendant was not prejudiced because classifying Defendant as a career offender would not have resulted in a different sentence.

Throughout the sentencing process, there is overwhelming evidence that Defendant had knowledge and understanding of her potential career offender status. On September 16, 2011, the United States Probation Office ("USPO") issued its pre-plea report advising Defendant of her career offender status. *See* CR No. 11-410-PSG, Dkt. # 37 at 3. Defendant acknowledged the possibility that the Court would classify her as a career offender in her plea agreement. *See* CR No. 11-410 PSG, Dkt. # 57 at 8-9, 16. The pre-sentencing report issued on March 9, 2012, confirmed Defendant's status as a career offender. *See* CR No. 11-410 PSG, Dkt. # 77 at 6, 8.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7270 PSG | Date | March 26, 2013 |
|---|---|---|---|
| Title | Tiana Renee Baudoin v. United States | | |

Defendant's sentencing memorandum similarly acknowledges that she should be classified as a career offender. *See* CR No. 11-410 PSG, Dkt. # 84 at 9. Finally, during the sentencing proceeding, Defendant stated that she had reviewed the entire PSR report with her counsel and that she understood it. *See* CR No. 11-410 PSG, Dkt. # 125 at 4:16-5:5.

Accordingly, Defendant cannot show any alleged failure by McNicholas to inform her of her classification as a career offender.

Additionally, even if Defendant could show that McNicholas did not inform her of her career offender status, the career offender status did not impact Defendant's sentencing. Without the career offender status, Defendant's base offense level would have been 28, less 3 levels for accepting responsibility, with a criminal history category of IV. *See* CR No. 11-410 PSG, Dkt. # 77 ¶¶ 17-24, 42 (citing U.S.S.G §§ 2D1.1, 3E1.1). This calls for a sentencing guideline range of 84 to 105 months. *See* U.S.S.G. Sentencing Table Ch. 5, Pt. A. With the career offender status, Defendant's base offense level was 34, less 3 levels for accepting responsibility, with a criminal history category of VI because she is a career offender. *See* CR No. 11-410 PSG, Dkt. # 77 ¶¶ 25-27, 43 (citing U.S.S.G §§ 4B1.1). This calls for a sentencing guideline range of 188 to 235 months. *See* U.S.S.G. Sentencing Table Ch. 5, Pt. A.

Nonetheless, the Court stated during the sentencing proceeding that the career offender status, and the corresponding sentencing guideline range of 188 to 235 months, overstated Defendant's criminal history. *See* CR No. 11-410 PSG, Dkt. # 125 at 8:9-19. As such, the Court lowered the sentence to 84 months. *See id.* Thus, for all intents and purposes, Defendant was given the lowest sentence in the guideline range applicable if she had not been classified as a career offender. As such, there is no indication that McNicholas failed to inform Defendant of her career offender status, nor is there an indication that if he had failed to inform Defendant of her career offender status, she would have faced prejudice as a result. Thus, this claim fails both prongs of the *Strickland* test and must fail.

    C.    <u>Defendant's Sentencing Under The Fair Sentencing Act of 2010</u>

Defendant's third claim is that McNicholas failed to assert her rights under the Fair Sentencing Act of 2010. *Mot.* 8-9. This fails because the Fair Sentencing Act was taken into account in determining Defendant's sentence.

The Fair Sentencing Act changed the sentencing structure of certain statutes and took effect in August 2010. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7270 PSG | Date | March 26, 2013 |
|---|---|---|---|
| Title | Tiana Renee Baudoin v. United States | | |

The Fair Sentencing Act has been incorporated into 21 U.S.C. § 841, the sentencing guidelines used at the time of Defendant's sentencing in May 2012.

Indeed, Defendant benefitted from the changes to the sentencing guidelines. Defendant pled guilty to distributing 164 grams of crack cocaine. CR No. 11-410-PSG, Dkt. # 57 at 8:6-7. The Fair Sentencing Act changed § 841(b)(1)(A)(iii), changing the threshold requirement of distributing more than 50 grams to a threshold requirement of distributing more than 280 grams. *See* Fair Sentencing Act of 2010 § 2(a)(1). Because of the Amendment, Defendant was convicted under § 841(b)(1)(B)(iii) (distributing more than 28 grams and less than 280 grams). *See id.*; *see also* CR No. 11-410-PSG, Dkt. # 57 at 3:19-4:7.

Accordingly, because Defendant was sentenced under the Fair Sentencing Act, McNicholas did not provide ineffective assistance of counsel in failing to assert Defendant's rights under the Fair Sentencing Act of 2010, nor has Defendant suffered any prejudice. Thus, this claim fails the first prong of the *Strickland* test and must fail.

      D.      <u>Defendant's Sentencing Under *DePierre*</u>

Defendant's fourth claim is that McNicholas failed to challenge the sentence under the Supreme Court's ruling in *DePierre*. *Mot.* 9-11 (citing *DePierre*, 131 S.Ct. at 2237). This too must fail because it is unclear how using this ruling to challenge her sentence would have changed the outcome in Defendant's favor, if at all.

In *DePierre*, the Supreme Court expanded the definition of "cocaine base" in 21 U.S.C. § 841(b)(1) to include not only crack cocaine, but cocaine in its chemically basic form. *Id.* at 2237. Defendant pled guilty to distributing crack cocaine, specifically, a substance which is indisputably governed by § 841(b)(1) both before and after this ruling. *See* CR No. 11-410-PSG, Dkt. # 57 at 8:4-7. Thus, challenging the sentence based on *DePierre* would have no effect. Defendant fails to explain any potential impact of *DePierre*. As such, Defendant has not shown that McNicholas failed to provide competent assistance of counsel under the *Strickland* test, nor that she suffered any prejudice. Accordingly, this claim must fail.

      E.      <u>Evidentiary Hearing as to Claims 2, 3, and 4</u>

The Court has already determined that absent waiver from the government, an evidentiary hearing is required as to claim 1. However, an evidentiary hearing is not required as to the remaining claims. A court may deny an evidentiary hearing when the record before the court is

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7270 PSG | Date | March 26, 2013 |
|---|---|---|---|
| Title | Tiana Renee Baudoin v. United States | | |

sufficient to permit the court to give the petitioner's allegations "careful consideration and plenary processing." *See Shah v. United States*, 878 F.2d 1156, 1160 (9th Cir. 1989) (citation omitted) (internal quotation marks omitted). Here, as to claims 2, 3, and 4, the record before the Court includes the pre-plea report, the Plea Agreement, the pre-sentencing report, and the transcript of the sentencing proceeding, all of which contain examples of Defendant undermining these claims. *See* CR No. 11-410 PSG, Dkt. # 37, 57, 77, 125. Based on the record, the Court is able to give Defendant's allegations "careful consideration and plenary processing" so an evidentiary hearing is not necessary and the Court will decide the merits of these claims without a hearing. *See Shah*, 878 F.2d at 1160 (upholding denial of an evidentiary hearing based on a record that included transcripts of the plea and sentencing hearings); *see also Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir. 1990) (upholding denial of an evidentiary hearing based on a record that included a transcript of the plea hearing and the presentence report). Thus, as to claims 2, 3, and 4, the Court finds that Defendant is not entitled to an evidentiary hearing.

IV.     Conclusion

For the foregoing reasons, the Court GRANTS an evidentiary hearing as to claim 1 and DENIES the motion as to claims 2, 3, and 4. The parties shall appear at a scheduling conference on **June 10, 2013** at **2:30 p.m.** Government counsel shall prepare and file the required documentation to ensure that Defendant is brought into Court on that date and time.

**IT IS SO ORDERED.**